**Della HADLEY et al., Appellants,**

v.

**The JUNIOR COLLEGE DISTRICT OF
METROPOLITAN KANSAS CITY,
Missouri, et al., Respondents.**

**No. 52758.**

Supreme Court of Missouri,
En Banc.

March 5, 1970.

Irving Achtenberg, Kansas City, for appellants, Achtenberg, Sandler & Balkin, Kansas City, of counsel.

Norman H. Anderson, Atty. Gen., Louis C. Defeo, Jr., Asst. Atty. Gen., Jefferson City, Dietrich, Tyler, Davis, Burrell & Dicus, William J. Burrell, Clarence H. Dicus, Arlyn D. Haxton, Kansas City, for respondents except Norman H. Anderson.

Kenneth Teasdale and Bruce Woodruff, of Armstrong, Teasdale, Kramer & Vaughan, St. Louis, for amicus curiae, Junior College District of St. Louis, St. Louis County, Mo.

PER CURIAM.

On February 25, 1970, the Supreme Court of the United States in Hadley v.

**2**

Junior College District of Metropolitan Kansas City, Missouri, 397 U.S. 50, 90 S. Ct. 791, 25 L.Ed.2d 45, reversed the judgment of this court reported in 432 S.W.2d 328. The opinion therein holds "that the Fourteenth Amendment requires that the trustees of this junior college district be apportioned in a manner which does not deprive any voter of his right to have his own vote given as much weight, as far as is practicable, as that of any other voter in the junior college district," thereby invalidating the existing statutory procedure provided in §§ 178.820 and 178.840, V.A.M.S., for electing trustees from component districts within the junior college districts of Missouri. The Supreme Court remanded the case to this court for further proceedings not inconsistent with its opinion, and the mandate therein has now been received.

The parties to this suit have applied for an order as to actions to be taken in view of the immediately pending elections of junior college district trustees scheduled for April 7, 1970. In addition, the Junior College District of St. Louis, St. Louis County, Missouri, has applied for and been granted leave to file an application to intervene as amicus curiae in view of the fact that it also has an election of a junior college trustee scheduled for April 7, 1970. The court has not received information as to what elections are scheduled in the other four junior college districts in Missouri which elect trustees from component districts and will be affected by this decision, but presumably they also have elections scheduled for April 7, 1970. The immediate question presented is what order should be made with reference to these scheduled elections.

We have concluded that the imminence of these elections is such that it would be unwise for this court hastily to attempt to implement the February 25, 1970, decision of the Supreme Court of the United States with respect to those elections. The Supreme Court of the United States has recognized that in some situations such course of action is permissible. In Reynolds v. Sims, 377 U.S. 533, 585, 84 S.Ct. 1362, 1393,

12 L.Ed.2d 506, 541, the court said: "However, under certain circumstances, such as where an impending election is imminent and a State's election machinery is already in progress, equitable considerations might justify a court in withholding the granting of immediately effective relief in a legislative apportionment case, even though the existing apportionment scheme was found invalid. In awarding or withholding immediate relief, a court is entitled to and should consider the proximity of a forthcoming election and the mechanics and complexities of state election laws, and should act and rely upon general equitable principles. With respect to the timing of relief, a court can reasonably endeavor to avoid a disruption of the election process which might result from requiring precipitate changes that could make unreasonable or embarrassing demands on a State in adjusting to the requirements of the court's decree. As stated by Mr. Justice Douglas, concurring in Baker v. Carr, 'any relief accorded can be fashioned in the light of well-known principles of equity.'"

Again, in Lucas v. Forty-Fourth General Assembly of the State of Colorado, 377 U.S. 713, 739, 84 S.Ct. 1459, 1475, 12 L.Ed. 2d 632, 649, the Supreme Court recognized that there is a need to determine whether the decision shall be made applicable to an imminent election when it said: "On remand, the District Court must now determine whether the imminence of the 1964 primary and general elections requires that utilization of the apportionment scheme contained in the constitutional amendment be permitted, for purposes of those elections, or whether the circumstances in Colorado are such that appellants' right to cast adequately weighted votes for members of the State Legislature can practically be effectuated in 1964."

In the case of the Kansas City district, an election is scheduled for April 7, 1970, for two trustees to be elected from the seven outlying districts, and the last day for candidates to file for that election is March 7, 1970. There is not sufficient time to permit the filing of candidates from the

district at large for this election, even assuming, but without deciding, that the provisions of the statute relating to elections from component districts is severable and that at large elections could be ordered under the remaining portion of the statute. The problem would be even more acute in the St. Louis, St. Louis County district. There, an election for one trustee (from the portion of the district consisting of St. Louis County and parts of two adjacent counties) is scheduled for April 7, 1970. Elections in school districts located in St. Louis County are held under the supervision of the St. Louis County Board of Election Commissioners, and its rules require that candidates file thirty-five days before a scheduled election. In this instance, that means that the date for filing for this trusteeship expired on March 2, 1970, at 4:30 p. m. Five candidates have filed for the office, and the election machinery already is in operation. Absentee ballots for that election are now being printed and other preparations, including necessary adjustments of voting machines, are in progress. Substantial expense has been incurred and substantial additional expense would be involved if the election of trustees is postponed and such election is held at a later date. This extra expense to the districts would mean that much less money available for the educational operations of the districts. We conclude that it would be wholly inequitable and impracticable to attempt at this late date to apply the principles enunciated in the decision of February 25, 1970, to the elections scheduled for April 7, 1970.

The Governor of Missouri has announced that a special session of the General Assembly will be called this spring, probably sometime in April. That special session may consider such subjects as are submitted to it in the call therefor by the Governor. The decision of the Supreme Court of the United States in this case is being called to the attention of the Governor and to the appropriate officers of the General Assembly in order to acquaint them with the need to amend the Junior College Law in order that it will conform with the decision of the Supreme Court of the United States. This timetable is such that the law can be amended and be applicable to the elections which will be held in the junior college districts beginning in 1971.

We have concluded that the overriding public interest in the orderly operation of respondent and other junior college districts in Missouri requires, and this court so orders, that the elections of trustees of said districts scheduled in April, 1970, be held under the present provisions of Chapter 178, V.A.M.S.

The judgment of the Circuit Court dismissing plaintiffs' petition is reversed and, subject to the provisions set forth above, this case is remanded to the trial court for further proceedings in accordance with the decision of the United States Supreme Court referred to herein. The trial court shall retain jurisdiction of the case for the purpose of making any appropriate orders pending the enactment of appropriate legislation by the General Assembly, and for the purpose of making appropriate orders in accordance with the decision of the Supreme Court of the United States in the event the law is not amended by the General Assembly of Missouri.